IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUDITH MOODY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. 4:16-CV-230-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Judith Moody, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On November 21, 2010, Petitioner pleaded guilty in the West Palm Beach Division of the United States District Court for the Southern District of Florida, Case No. 9:10-80153-CR, to three counts of alien smuggling, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and one count of aggravated identify theft, in violation of 18 U.S.C. § 1028(A)(a)(1). Resp't's App. 1, ECF No. 12. She was sentenced to a combined term of 102 months' imprisonment. *Id.* at 2. Petitioner is currently confined at FMC-Carswell with an expected release date of March 31, 2018. *Id.* at 7.

In this § 2241 petition, Petitioner raises the following grounds for relief, verbatim:

GROUND ONE: Territorial application.
Supporting Facts: Extraterritorial application and extraterritorial conduct cannot be applied because defendant (i.e. alien) did not know that the person[s] she brings into

a designated port or place were not United States citizens. Henceforth, defendant only knew of her non-citizenship.

GROUND TWO: Prima facie case.
Supporting facts: Evidence that defendant was in international waters at the time of allegedly attempting to come to, enter, or reside in the United States or that such alien[s] had come to, entered, or remained in the United States in violation of law.

GROUND THREE: Ineffective assistance of counsel. Counsel's failure to correctly advise defendant of deportation.
Supporting facts: Counsel's failure to correctly advise defendant of deportation consequences of guilty plea to smuggling for profit charges amounted to her being constitutionally violated with deficient assistance under proper prevailing professional norms.

GROUND FOUR: Adjustment in offense level (decreased).
Supporting facts: Number of unlawful aliens, smuggled, transported, or harbored is four and is not applicable as a matter of law and by the U.S.S.G. Manual for 2011, which the defendant was sentenced.

GROUND FIVE: Adjustment in offense level due to § 3B1.2.
Supporting facts: The defendant did not cause, produce, coerce or threaten, or in connection demand payment from alleged aliens or parties on or before being detained in international waters (i.e. high seas) and out of the jurisdiction of any particular state or district.

GROUND SIX: Triple counting and /or double counting of Title 8, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, (2)(B)(ii).
Supporting Facts: Because defendant did not knowingly, nor, recklessly disregarded parties or persons to come in or bring into the United States. When the fact-of-the-matter she was in international waters (i.e. high seas) and out of the jurisdiction of any particular state or district.

GROUND SEVEN: First-time federal offender.
Supporting facts: Defendant has no prior federal convictions or history.

GROUND EIGHT: Low-level offender.
Supporting facts: Judith Moody is not a threat to the public and is not a flight risk.

[GROUND NINE:] Length of sentence is almost served. Health, age.
Supporting facts: Defendant has been incarcerated for over five years now. And due to her age, heart condition (serious) and dialysis she should be granted time served.

2

Pet. 5-6, 11-12, ECF No. 1.

Petitioner seeks the following relief:

Immigration paperwork filed for citizenship; deportation to the Bahamas; time served; sentence modified or corrected.

*Id.* at 7.

## II. DISCUSSION

To the extent Petitioner challenges the legality of her conviction and sentence under grounds one through six, a § 2241 petition is not the proper method for doing so. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, § 2255 is the primary means under which a federal prisoner may collaterally attack the validity of his or her conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *Padilla v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may be considered under the so-called "savings clause" of § 2255(e) only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner does not

3

allege or demonstrate that she can satisfy these factors. Thus, a § 2241 petition is not the proper vehicle for Petitioner to challenge her convictions or sentences. This Court therefore lacks jurisdiction to consider grounds one through eight. *Christopher v. Miles,* 342 F.3d 378, 379 (5th Cir. 2003).

Nor is Petitioner entitled to habeas relief under grounds seven through nine. A § 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Such violation is not present under those grounds. Therefore, the Court lacks jurisdiction to consider Petitioner's grounds seven through nine.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 14th day of July, 2017.

Reed O'Connor
UNITED STATES DISTRICT JUDGE